**DEPARTMENT OF PUBLIC ADVOCA-
CY COMMONWEALTH OF
KENTUCKY, Appellant,**

**v.**

**Angela A. PATRICK, Appellee.**

**No. 87–CA–1247–MR.**

Court of Appeals of Kentucky.

Feb. 10, 1989.

J. Vincent Aprile, II, Asst. Public Advocate, Frankfort, for appellant.

Angela A. Patrick, Mt. Sterling, for appellee.

Before HOWERTON, C.J., LESTER, J., and WHITE, Special Judge.

HOWERTON, Chief Judge.

The Department of Public Advocacy appeals from a judgment of the Montgomery Circuit Court ordering it to pay Angela Patrick $3,843.90 in attorney's fees for her representation of Grant Howard in a murder trial in Montgomery Circuit Court. The Department first contends that the circuit court lacked both statutory authority and jurisdiction to order it to pay Patrick's attorney's fees because the circuit court had ruled prior to trial that the client was no longer eligible for public defender assistance. The Department makes several other contentions on appeal. However, because we agree with the Department on this issue, it is unnecessary for us to address the remaining issues presented.

In October of 1985, Angela Patrick was appointed by the Montgomery District Court to represent Grant Howard on a murder charge. At the time of her appointment, the judge determined that Howard's present financial condition rendered him unable to make any initial payment toward the cost of his legal representation. However, in January of 1986, the court determined that Howard had the ability to pay his attorney through the sale of certain

real property he owned. The court further overruled Patrick's motion to withdraw as public defender on the ground that she was no longer with the Office of Public Advocacy and instead ordered that she was to be paid with the funds received from the sale of Howard's property.

In August of 1986, after Howard's trial had concluded, Patrick moved the court to enter an order granting her attorney's fees of $3,843.90. The court later entered an order that these fees should be granted and paid by the Office of Public Advocacy. Patrick thereafter filed a motion in Montgomery Circuit Court for an order of payment directing the fee to be paid by either the Montgomery County Public Defender, the Montgomery County Fiscal Court, the Montgomery County Public Advocacy Administrator, or the Kentucky Department of Public Advocacy to make payment on her previously-approved fee. The court thereafter ordered the Department of Public Advocacy in Frankfort to pay the sum previously authorized. From this order, the Department of Public Advocacy appeals.

The Department contends that the circuit court lacked both statutory authority and jurisdiction to order it to pay Patrick's previously-approved bill of $3,843.90 for her attorney's fees when the court had ruled prior to the time of trial that Howard was no longer eligible for a public defender and when no subsequent order had reversed that eligibility determination. The Department contends that once the court determined that Howard was ineligible for public defender assistance as a result of his ownership of real property, pursuant to KRS 31.120(3)(a), the Department had no obligation to pay Patrick's attorney's fees. It further contends that, since Patrick never represented to the trial court that Howard was in fact indigent or that the trial court should reconsider its order ruling Howard ineligible for public defender assistance, the Department was no longer responsible for payment of her fees. We agree.

Under KRS 31.120, the court is to determine with respect to each step in the pro-

ceedings whether an individual is a needy person requiring public defender assistance. Under Subsection (3)(a), it is prima facie evidence that a person is not indigent or needy within the meaning of this chapter if he owns real property in this state. Pursuant to this section, the district court determined that Howard was ineligible for public defender assistance and ordered that Patrick be paid with the funds from the sale of real estate Howard owned. Howard's status did not change after this determination had been made. As a result, the district court had no authority to order the Department to reimburse Patrick for her representation of Howard. Further, had Patrick been participating in Howard's case as an appointed public advocate under KRS Chapter 31, she could not have agreed to accept any portion of her fee from the sale of Howard's property. KRS 31.250(1). There is simply no statutory justification for the imposition of payment of Patrick's fees upon the Department or any other public agency, once it was determined that Howard was ineligible for public assistance.

The judgment of the Montgomery Circuit Court is reversed and remanded for further proceedings consistent with this opinion.

All concur.